■ ROSE BADGELEY, Appellant, v JOSEPH J. BADGELEY, Respondent.—In a matrimonial action in which the parties were divorced by a judgment entered on October 2, 1987, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Suffolk County (Colby, J.), entered May 9, 1989, as granted those branches of the defendant's motion which were for an award of $1,765, representing overpayments of maintenance and child support as paid to her, and an award of $1,500 counsel fees, and (2) so much of an order of the same court, dated July 18, 1989, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered May 9, 1989, is dismissed, as that order was superseded by the order dated July 18, 1989, made upon reargument; and it is further,

Ordered that the order dated July 18, 1989, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

We find ample evidence in the record supporting the Supreme Court's factual determination with regard to the award of $1,765, representing certain overpayments of maintenance and child support paid to the plaintiff.

In addition, the Supreme Court was authorized, in its discretion, pursuant to Domestic Relations Law § 236 (B) (9) (a), and § 238, to award counsel fees to either party in connection with the defendant's application. Upon vacating the income execution filed by the plaintiff with the defendant's employer, and

determining that the defendant was not in arrears but rather was owed a credit for overpayments of maintenance and child support paid to the plaintiff, the Supreme Court did not improvidently exercise its discretion in awarding counsel fees to the defendant.

The plaintiff's other contentions are either not preserved for appellate review or without merit. Bracken, J. P., Lawrence, Rosenblatt and Ritter, JJ., concur.